**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RIGOBERTO CHAVEZ, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-cv-3102 |
| v. | ) | Honorable Charles Norgle, Sr. |
| | ) | |
| RICARDO MARIN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS GOMEZ, TRUITT, WORTH, AND ROBINSON'S ANSWER TO**
**PLAINTIFF'S COMPLAINT**

Defendants, David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson, by and

through their attorney Lisa Madigan, Attorney General of Illinois, hereby answer Plaintiff's

Complaint as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of

1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C.

Sections 1343, 1331, and 1367.

**ANSWER: Defendants admit the allegations in Paragraph 1 of Plaintiff's**
**Complaint.**

2.      Venue is proper in the Northern District of Illinois, under 28 U.S.C. Section 1391,

because the acts complained of occurred within this District and, upon information and belief,

Defendants reside within this District.

**ANSWER: Defendants admit the allegations in Paragraph 2 of Plaintiff's**
**Complaint.**

## PARTIES

3. RIGOBERTO CHAVEZ, JR., (hereinafter "CHAVEZ") is and was, at all times herein mentioned, a citizen of the United States residing within the jurisdiction of this Court.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint.**

4. Defendant RICARDO MARIN (hereinafter "MARIN") was, at all relevant times, employed by the Illinois Department of Corrections (hereinafter "IDOC") as a correctional officer at Sheridan Correctional Center (hereinafter "Sheridan") and was acting under color of state law and as the employee, agent, or representative of the State of Illinois. This Defendant is being sued in his individual capacity only.

**ANSWER: Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.**

5. Defendant FORMER WARDEN NIKKI ROBINSON (hereinafter "ROBINSON") was, at all relevant times, employed by IDOC as the Warden of Sheridan and was acting under color of state law and as the employee, agent, or representative of the State of Illinois. On or around May 16, 2016, during the events complained of herein, she was named deputy director of the Northern District for IDOC. This Defendant is being sued in her individual capacity only.

**ANSWER: Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.**

6. Defendant WARDEN DAVID GOMEZ (hereinafter "GOMEZ") was, at all relevant times, employed by IDOC as the Warden of Sheridan and was acting under color of state law and as the employee, agent, or representative of the State of Illinois. He replaced

ROBINSON as the Warden of Sheridan on or around May 16, 2016, during the events complained of herein. This Defendant is being sued in his individual capacity only.

**ANSWER: Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.**

7.      Defendant LIEUTENANT CHARLES TRUITT (hereinafter "TRUITT") was, at all relevant times, employed by IDOC as a correctional Lieutenant at Sheridan, was one of MARIN's supervisors, and was acting under color of state law and as the employee, agent, or representative of the State of Illinois. This Defendant is being sued in his individual capacity only.

**ANSWER: Defendants admit the allegations in Paragraph 7 of Plaintiff's Complaint.**

8.      Defendant MAJOR REBECCA WORTH (hereinafter "WORTH") was, at all relevant times, employed by IDOC as a corrections Shift Supervisor at Sheridan, was MARIN's direct supervisor, and was acting under color of state law and as the employee, agent, or representative of the State of Illinois. This Defendant is being sued in her individual capacity only.

**ANSWER: Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint.**

## FACTUAL ALLEGATIONS

9.      From November 18, 2014 to November 18, 2016, CHAVEZ was incarcerated at Sheridan, an IDOC prison located in Sheridan, Illinois.

**ANSWER: Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.**

3

10.     CHAVEZ was released from Sheridan on November 18, 2016, and is currently on

parole.

**ANSWER:    Defendants admit the allegations in Paragraph 10 of Plaintiff's
Complaint.**

11.     CHAVEZ is gay.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint.**

12.     From around October 2015 to November 18, 2016, MARIN engaged in a

continuing pattern of harassment against CHAVEZ because CHAVEZ was gay.

**ANSWER:    Defendants deny the allegations in Paragraph 12 of Plaintiff's
Complaint.**

13.     MARIN also retaliated against CHAVEZ for reporting MARIN's harassment.

**ANSWER:    Defendants deny the allegations in Paragraph 13 of Plaintiff's
Complaint.**

14.     MARIN's harassment and retaliation included, but was not limited to:

    a.   denying CHAVEZ showers that CHAVEZ was entitled to;

    b.   threatening to give CHAVEZ disciplinary tickets for taking showers that
          CHAVEZ was entitled to;

    c.   when CHAVEZ did shower, watching CHAVEZ while he was in the
          shower, and then watching CHAVEZ get dressed when he got out;

    d.   taunting, mocking, and laughing at CHAVEZ;

    e.   giving CHAVEZ the middle finger;

    f.   calling CHAVEZ a "fag";

    g.   informing other inmates of CHAVEZ's sexuality;

4

      h.    mocking CHAVEZ's sexuality in front of other inmates;

      i.    telling other inmates that CHAVEZ "sucks dicks";

      j.    telling other inmates CHAVEZ was a "snitch" because CHAVEZ had

            reported him to his supervisors;

      k.    threatening to give CHAVEZ pretextual disciplinary tickets for reporting

            him to his supervisors;

      l.    telling another inmate to "fuck up" CHAVEZ;

      m.    causing other inmates to mock, intimidate, and degrade CHAVEZ;

      n.    causing other inmates to threaten CHAVEZ;

      o.    causing other inmates to use homophobic slurs against CHAVEZ;

      p.    causing another inmate to call CHAVEZ a "faggot" and strike CHAVEZ in

            the face with a closed fist multiple times because CHAVEZ was gay; and

      q.    causing another inmate to get in physical altercation with CHAVEZ because

            CHAVEZ was gay and was in the shower area at the same time as him;

**ANSWER:   Defendants deny the allegations in Paragraphs 14(a) to 14(q) of Plaintiff's Complaint.**

15.    Around March of 2016, CHAVEZ reported MARIN's harassment directly to TRUITT, one of MARIN's supervisors.

**ANSWER:   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint.**

16.    TRUITT told CHAVEZ that he would handle it, but did not actually do anything to correct the issue or to prevent future harassment.

**ANSWER:   Defendant Truitt denies the allegations in Paragraph 16 of Plaintiff's Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint.**

17.     MARIN continued to harass CHAVEZ.

**ANSWER:     Defendants deny the allegations in Paragraph 17of Plaintiff's Complaint.**

18.     About one month later, while ROBINSON was still the Warden of Sheridan, CHAVEZ reported MARIN's harassment directly to her.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint.**

19.     ROBINSON was dismissive of CHAVEZ, scolded him, and told him to go to WORTH, who was MARIN's direct supervisor.

**ANSWER: Defendant Robinson denies the allegations in Paragraph 19 of Plaintiff's Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint.**

20.     Shortly thereafter, CHAVEZ reported MARIN's harassment directly to WORTH.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint.**

21.     WORTH ignored his complaint, no one did anything to correct the issue or to prevent future harassment, and MARIN continued to work in the same building that CHAVEZ was housed in.

**ANSWER:     Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.**

22.     MARIN continued to harass and/or retaliate against CHAVEZ.

**ANSWER:     Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.**

23.     CHAVEZ subsequently filed a grievance against MARIN, but, again, no one did anything to correct the issue or to prevent future harassment and retaliation.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff filed a grievance against Defendant Marin. Defendants deny the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24.     MARIN continued to harass and/or retaliate against CHAVEZ.

**ANSWER:** Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Because MARIN was continuing his conduct despite these efforts, CHAVEZ went to Anna Czerniak, an on-site mental healthcare worker employed by WestCare Foundation, and reported MARIN's actions to her.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Anna Czerniak scheduled CHAVEZ for an appointment with an on-site doctor, told CHAVEZ to report MARIN's actions to internal affairs, and made a phone call to IDOC staff to report MARIN on CHAVEZ's behalf.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Finally, about two months after CHAVEZ had initially reported MARIN to TRUITT, MARIN was moved to another building.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     MARIN was only moved to another building because Anna Czerniak reported his conduct—MARIN was moved the very same day that CHAVEZ reported MARIN to Anna Czerniak.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     But, despite being moved, MARIN continued to have contact with CHAVEZ and continued harassing and retaliating against him.

**ANSWER:    Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.**

30.     After MARIN was moved, CHAVEZ filed another grievance about the continuing harassment and retaliation.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint.**

31.     Again, no one did anything to correct the issue or prevent future harassment and retaliation.

**ANSWER: Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint.**

32.     So, on June 2, 2016, CHAVEZ filed a lawsuit in the Northern District of Illinois [16-cv-05836][1] against MARIN based on his actions against him.

**ANSWER:    Defendants admit the allegations in Paragraph 32 of Plaintiff's Complaint.**

33.     Yet, MARIN continued to harass and retaliate against CHAVEZ until CHAVEZ was released from Sheridan on November 18, 2016.

**ANSWER: Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.**

34.     GOMEZ, after becoming Warden, was in charge of handling and responding to prisoner grievances and internal affairs reports at Sheridan.

**ANSWER: Defendant Gomez admits he has a limited role in the grievance process. Defendants deny the remaining allegations in Paragraph 33 of Plaintiff's Complaint.**

---

[1] This lawsuit was voluntarily dismissed by agreement, without prejudice, on March 16, 2017.

35.     In response to multiple grievances and an internal affairs report submitted by CHAVEZ, GOMEZ simply signed off on the findings of wholly inadequate investigations by grievance counselors, internal affairs officers, and/or Prison Rape Elimination Act compliance officers.

**ANSWER:     Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.**

36.     The investigations conducted in response to CHAVEZ's grievances and internal affairs report were shams: the internal affairs officers and grievance counselors asked MARIN about CHAVEZ's allegations and then accepted MARIN's flat denials, despite evidence and witnesses that corroborated CHAVEZ's claims.

**ANSWER: Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.**

37.     GOMEZ signed off on findings that these allegations were unsubstantiated, despite knowledge that the investigations were wholly inadequate and that there was corroborating evidence that was ignored.

**ANSWER:     Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.**

38.     In doing so, GOMEZ simply looked the other way and knowingly ignored MARIN's conduct.

**ANSWER: Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.**

39.     As a result of TRUITT's, ROBINSON's, WORTH's, and GOMEZ's actions and/or inactions, MARIN was allowed to continue his pattern of harassment and retaliation against CHAVEZ.

**ANSWER: Defendants deny the allegations in Paragraph 39 of Plaintiff's**

9

**Complaint.**

40.　　MARIN's, TRUITT's, ROBINSON's, WORTH's, and GOMEZ's above-described acts were intentional, willful, wanton, and malicious and done with reckless indifference to and callous disregard for CHAVEZ's rights. CHAVEZ requests punitive damages to punish and deter them and other prison leadership, staff, and guards from engaging in similar conduct

**ANSWER:** **Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief.**

41.　　As a result of MARIN's, TRUITT's, ROBINSON's, WORTH's, and GOMEZ's actions and inactions, CHAVEZ sustained damages—he suffered physical, mental, and emotional harm.

**ANSWER:** **Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.**

42.　　CHAVEZ has had to retain an attorney to render legal assistance to him in this civil action so that he might vindicate his constitutional rights.

**ANSWER:** **Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.**

## COUNT I: CRUEL AND UNUSUAL PUNISHMENT
## AGAINST DEFENDANT RICARDO MARIN

43.　　CHAVEZ hereby incorporates and re-alleges each of the above paragraphs as though fully set forth at this place.

**ANSWER: Count I is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

10

44.     MARIN's lengthy pattern of intentional harassment, retaliation, and discrimination, which included direct threats by MARIN, as well as instructions to another inmate to "fuck up" CHAVEZ, among other things, and which caused other inmates to threaten, mock, degrade, and use physical force against CHAVEZ, constituted cruel and unusual punishment under the Eighth Amendment.

**ANSWER: Count I is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

45.     MARIN's conduct greatly increased the likelihood that CHAVEZ would suffer harm.

**ANSWER: Count I is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

46.     As a result of MARIN's conduct, CHAVEZ did suffer severe harm.

**ANSWER: Count I is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

47.     Therefore, MARIN is liable to CHAVEZ under 42 U.S.C. Section 1983.

**ANSWER: Count I is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

## COUNT II: EQUAL PROTECTION VIOLATIONS
## AGAINST DEFENDANT RICARDO MARIN

48.     CHAVEZ hereby incorporates and re-alleges each of the above paragraphs as though fully set forth at this place.

**ANSWER: Count II is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

11

49.     CHAVEZ is gay, and thus is a member of a protected class.

**ANSWER: Count II is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants. Furthermore, Paragraph 49 states a legal conclusion to which no answer is required.**

50.     MARIN engaged in a pattern of intentional harassment, retaliation, and discrimination against CHAVEZ because he was gay and because he had reported MARIN's harassment.

**ANSWER: Count II is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

51.     MARIN did not harass non-gay inmates as he did CHAVEZ.

**ANSWER: Count II is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

52.     There was no legitimate penal interest in MARIN harassing and retaliating against CHAVEZ.

**ANSWER: Count II is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

53.     MARIN's actions violated CHAVEZ's rights under the Fourteenth Amendment to be free from sexual harassment and from discrimination based on his sexual orientation.

**ANSWER: Count II is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

54.     As a result of MARIN's conduct, CHAVEZ suffered severe harm.

**ANSWER: Count II is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

55.     Therefore, MARIN is liable under 42 U.S.C. Section 1983.

**ANSWER: Count II is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

**COUNT III: RETALIATION (1ST AMENDMENT VIOLATIONS)
AGAINST DEFENDANT RICARDO MARIN**

56.     CHAVEZ hereby incorporates and re-alleges each of the above paragraphs as though fully set forth at this place.

**ANSWER: Count III is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

57.     CHAVEZ engaged in activities protected by the First Amendment when he reported MARIN's harassment and filed grievances against him.

**ANSWER: Count III is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

58.     MARIN retaliated against CHAVEZ for engaging in these protected activities by informing other inmates that CHAVEZ was a gay and/or was a "snitch," by threatening to give CHAVEZ disciplinary tickets, and by instructing an inmate to "fuck up" Chavez.

**ANSWER: Count III is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

59.     MARIN's conduct greatly increased the likelihood that CHAVEZ would suffer harm.

**ANSWER: Count III is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

60.     As a result of MARIN's conduct, CHAVEZ did suffer severe harm.

13

ap

**ANSWER: Count III is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

61.     The harm MARIN caused was likely to deter CHAVEZ from making future complaints or filing future grievances.

**ANSWER: Count III is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

62.     Therefore, MARIN is liable to CHAVEZ under 42 U.S.C. Section 1983.

**ANSWER: Count III is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

**COUNT IV: FAILURE TO PROTECT
AGAINST RICARDO MARIN**

63.     CHAVEZ hereby incorporates and re-alleges each of the above paragraphs as though fully set forth at this place.

**ANSWER: Count IV is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

64.     MARIN knowingly exposed CHAVEZ to a heightened risk of harm by telling other inmates that he was gay, "sucks dicks," was a "snitch," and by telling another inmate to "fuck up" CHAVEZ.

**ANSWER: Count IV is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

65.     MARIN acted with intent to cause harm or with deliberate indifference to CHAVEZ's safety.

**ANSWER: Count IV is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

14

66.     As a result of MARIN's conduct, CHAVEZ suffered severe harm.

**ANSWER: Count IV is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

67.     Therefore, MARIN is liable to CHAVEZ under 42 U.S.C. Section 1983.

**ANSWER: Count IV is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

### COUNT V: FAILURE TO PROTECT AND/OR INTERVENE
### AGAINST FORMER WARDEN NIKKI ROBINSON, WARDEN DAVID GOMEZ, LIEUTENANT CHARLES TRUITT & MAJOR REBECCA WORTH

68.     CHAVEZ hereby incorporates and re-alleges each of the above paragraphs as though fully set forth at this place.

**ANSWER: Defendants incorporate their responses to Paragraphs 1 to 67 of Plaintiff's Complaint as their answer to Paragraph 68 of Plaintiff's Complaint as if fully set forth herein.**

69.     MARIN committed several continuing constitutional violations against CHAVEZ, as described more fully herein.

**ANSWER:   Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

70.     ROBINSON, GOMEZ, TRUITT, and WORTH each knowingly exposed CHAVEZ to a heightened risk of harm by facilitating or consciously ignoring MARIN's harassment of, discrimination against, and retaliation against CHAVEZ.

**ANSWER:   Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

71.     ROBINSON, GOMEZ, TRUITT, and WORTH acted with intent to cause harm or with deliberate, reckless indifference to CHAVEZ's safety by not responding to his well-supported complaints against MARIN.

**ANSWER:     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

72. Moreover, ROBINSON, GOMEZ, TRUITT, and WORTH each had knowledge that MARIN was going to continue harassing, discriminating against, and retaliating against CHAVEZ.

**ANSWER:     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

73. ROBINSON, GOMEZ, TRUITT, and WORTH each had a responsibility to prevent MARIN from continuing to cause CHAVEZ harm and had accepted that responsibility.

**ANSWER:     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

74. ROBINSON, GOMEZ, TRUITT, and WORTH each had realistic opportunities to prevent MARIN from continuing to cause CHAVEZ harm.

**ANSWER:     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

75. Yet, ROBINSON, GOMEZ, TRUITT, and WORTH failed to take reasonable steps to prevent such harm from occurring.

**ANSWER:     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

76. As a result of each of their actions or inactions, CHAVEZ suffered harm.

**ANSWER:     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

77. Therefore, ROBINSON, GOMEZ, TRUITT, and WORTH are liable to CHAVEZ under

42 U.S.C. Section 1983.

**ANSWER: Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.**

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE LAW CLAIM) AGAINST DEFENDANT RICARDO MARIN

78. CHAVEZ hereby incorporates and re-alleges each of the above paragraphs as though

fully set forth at this place.

**ANSWER: Count VI is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

79. The conduct of MARIN described herein was deliberately indifferent, extreme, and

outrageous.

**ANSWER: Count VI is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

80. MARIN knew or should have known that there was a high probability that his conduct, as

described more fully herein, would cause CHAVEZ severe mental, physical, or emotional harm.

**ANSWER: Count VI is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

81. MARIN intended to cause CHAVEZ severe mental, physical, or emotional harm.

**ANSWER: Count VI is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

82. As a result of MARIN's conduct, CHAVEZ did suffer severe harm.

**ANSWER: Count VI is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

83. MARIN's conduct was beyond the bounds of decency.

**ANSWER: Count VI is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

84. Therefore, MARIN is liable to CHAVEZ under Illinois law.

**ANSWER: Count VI is not directed towards Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson and thus does not require a response from Defendants.**

**WHEREFORE**, Plaintiff RIGOBERTO CHAVEZ, JR., requests that Defendants be found liable for the claims against them, that judgment be entered in his favor, and that he be awarded all remedies to which he is entitled under the law, including but not limited to:

1) compensatory damages;

2) punitive damages;

3) costs of the suit;

4) any interest allowable; and

5) attorney's fees (for the federal claims only).

**ANSWER: Defendants deny Plaintiff is entitled to the requested relief or any relief whatsoever.**

## GENERAL DENIAL

Defendants deny all allegations in Plaintiff's Complaint not specifically admitted herein.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
Qualified Immunity

18

At all times relevant herein, Defendants acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

### Second Affirmative Defense
Personal Involvement

Defendant's personal involvement has not been established with sufficient specificity to state a claim upon which relief can be granted.

### Third Affirmative Defense
Prison Litigation Reform Act

To the extent applicable, Plaintiff is governed by the Prison Litigation Reform Act ("Act"), 42 U.S.C. § 1997(e)(a). Plaintiff failed to exhaust the administrative remedies as required by the Act, *id.*; *see also Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

Dated: September 15, 2017

Respectfully Submitted,

LISA MADIGAN
Attorney General of Illinois

*/s/ Nicholas S. Staley*
NICHOLAS S. STALEY
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3588
nstaley@atg.state.il.us

*Attorney for Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson*

19

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 15, 2017, he electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

/s/ Nicholas S. Staley
NICHOLAS S. STALEY
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3588
nstaley@atg.state.il.us

*Attorney for Defendants David Gomez, Charles Truitt, Rebecca Worth, and Nikki Robinson*